Law Library

# IN THE SUPERIOR COURT OF GUAM

SIDNEY D. BORJA,
GERRY GUTIERREZ,
EUGENIO M. VEGAFRIA, JR. II,

          Petitioner,

          vs.

JOSE A. SAN AGUSTIN, Director of the
Department of Corrections, in his official
capacity; SGT. ALAN P. BORJA, D.H.B.
Chairperson, in his official capacity,

          Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

SPECIAL PROCEEDINGS
CASE NO. SP0007-12

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on September 14, 2012 on the Petitioners' Motion for Appointment of Counsel. The Petitioners are *pro se* and ask for the Court to appoint counsel. Petitioner Sidney D. Borja was present. Neither of the other Petitioners appeared. Attorney Marianne Woloschuk appeared on behalf of the Government. Having reviewed the submissions and Parties' arguments, the Court now issues the following Decision and Order.

## BACKGROUND

Petitioners filed the Complaint on January 25, 2012. The Complaint was filed as a result of the Department of Corrections (hereinafter "DOC") allegedly violating the Petitioners' due process. Petitioners filed their Motion for Appointment of Counsel on July 16, 2012. The Government filed an Opposition on August 16, 2012 and Petitioners replied September 11, 2012. The Court only addresses the Motion for Appointment of Counsel as the Court already granted the Petitioners' request to proceed in forma puaperis and for service by Marshal.

*Borja et al. v. San Agustin and Borja,*
Decision and Order
SP0007-12

ORIGINAL

## DISCUSSION

**Motion for Appointment of Counsel**

In order to determine if the Court should appoint counsel, this Court will balance the following factors: (1) likelihood for success on the merits and (2) complexity of the issues. *See Jessy v. Palacios*, 2010 WL 3702452 (D. Guam). If both factors lean to the Court finding exceptional circumstances, the Court may order appointment of counsel. *Id.* One factor may be strong enough for the Court to find that exceptional circumstances exist even in the absence of the other factor.

Here, the Court does not find that the Petitioners have a high likelihood to succeed on the merits of the case. The events leading up to this case are based in hearsay and would be very difficult to prove or disprove at trial. The DOC even provided the Petitioners with a hearing and some minimal due process protections. Yet, there may be some chance of winning on the merits. The Court does not find that likelihood for succeeding on the merits is great.

The Court does find, however, that the issues are complex on account of the Petitioners not being able to communicate with each other or understand the inner workings of a request and subsequent processes for a writ of mandate. The Petitioners also claim that they have no way to pay for an attorney and that counsel could help limit the litigation in this matter. Petitioners also argue that the Government is represented by counsel and benefits from that representation. On the balancing of the two factors, the Court finds that the circumstances surrounding this matter are sufficiently exceptional that this Court, in its discretion, finds the appointment of counsel to be appropriate.

## CONCLUSION

This Court GRANTS the Petitioners' Motion for Appointment of Counsel.

So **ORDERED** this 5th day of October, 2012. The Parties will return October 19, 2012 at 9:00a.m. for further proceedings. The Court hereby appoints the Public Defender as counsel for the Petitioners.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is full true and correct copy of the ORIGINAL on file in the Office of the Clerk, Court, Superior Court of Guam

OCT 15 2012

DEPUTY CLERK, Superior Court of Guam

*Borja et al. v. San Agustin and Borja,*
Decision and Order
SP0007-12